IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ONWAY TRANSPORT, LLC,

    Plaintiff,                                          Civil Action 2:20-cv-2147
                                                     Judge Michael H. Watson
    v.                                                Magistrate Judge Elizabeth P. Deavers

J.W. LOGISTICS OPERATIONS, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

On November 11, 2020, counsel for Defendant J.W. Logistics Operations, LLC ("JWL") filed a Motion to Withdraw as Counsel. (ECF No. 18.) On December 22, 2020, the Court ordered that "[i]f Defendant JWL intends to oppose the Motion, it must file a written response to the Motion within TWENTY-ONE (21) DAYS of the date of this Order." (ECF No. 19.) In that Order, the Court also cautioned Defendant JWL that "failure to respond could result in the Court granting [the] Motion," and the Court advised Defendant JWL that "it can only proceed through licensed counsel in this Court." (*Id.*) On January 27, 2021, the Court issued another Order directing Defendant JWL to respond to the Motion to Withdraw. (ECF No. 25.) In that Order, the Court again cautioned Defendant JWL that "failure to respond could result in the Court granting [the] Motion," and again advised Defendant JWL that "it can only proceed through licensed counsel in this Court." (ECF No. 25.) On February 17, 2021, without having received an objection from Defendant JWL, the Court granted the Motion to Withdraw. (ECF No. 28.) In that Order, the Court directed Defendant to secure new counsel within thirty (30) days, again noting that a corporation may not represent itself in federal court. (*Id*.) The Court also added

1

that "Defendant JWL's failure to do so may result in an entry of default." (*Id.*) On March 22, 2021, the Court held a status conference, but Defendant JWL failed to appear. (*See* ECF No. 31.) That day, after Defendant JWL failed to appear at the status conference, the Court issued an Order directing Defendant JWL to show cause within fourteen (14) days why the Court should not enter default against it for failure to appear and defend. (ECF No. 30.) To date, however, Defendant JWL has not secured counsel and has not responded to the Court's March 22, 2021 Order to show cause.

This matter is therefore before the Court for consideration of Plaintiff's failure to appear and defend. Under the present circumstances, it is **RECOMMENDED** that the Court direct the Clerk to enter default against Defendant JWL. It is further **RECOMMENDED** that, once default is entered, Plaintiff be permitted to move for default judgment against Defendant JWL.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the

district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

    **IT IS SO ORDERED.**


Date:  April 8, 2021                                         /s/ *Elizabeth A. Preston Deavers*
                                                          ELIZABETH A. PRESTON DEAVERS
                                                          UNITED STATES MAGISTRATE JUDGE